## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

SHANNON LINGLE, as the Surviving )
Spouse of JASON LINGLE, deceased, )
                                )
        Plaintiff, )
                                )
v.                            )     Case No. CIV-21-665-J
                                )
(1) M-COMPANY TRANSPORT, INC., )
a Foreign for-Profit Corporation, and )
(2) MICHAEL ALVAREZ, an individual, )
                                )
        Defendants. )

## COMPLAINT

Plaintiff Shannon Lingle, as the Surviving Spouse of Jason Lingle, deceased, for her causes of action against Defendants M-Company Transport, Inc., a foreign for-profit corporation, and Michael Alvarez, an individual, alleges and states:

## THE PARTIES

1. At all relevant times herein mentioned, Shannon Lingle ("Plaintiff") was and now is the surviving spouse of Jason Lingle, deceased ("Lingle").

2. At all relevant times herein mentioned, Plaintiff was a resident of Cleveland County, State of Oklahoma.

3. At all relevant times herein mentioned and prior to his death, Lingle was a resident of Cleveland County, State of Oklahoma.

4.      At all relevant times herein mentioned, Defendant M-Company Transport, Inc. ("M-Company") was a for-profit Texas Corporation and a licensed and bonded interstate commercial motor carrier (USDOT 2903390) with its corporate headquarters, principal place of business, and operational headquarters located in Atascosa, Bexar County, State of Texas.

5.      At all relevant times herein mentioned, M-Company's tractor trailer vehicles at issue were "commercial motor vehicles" pursuant to 49 C.F.R. § 390.5.

6.      Upon information and belief, Defendant Michael Alvarez was at all times herein mentioned a citizen and resident of the State of Texas who was acting within the course and scope of his employment, agency and/or authority with M-Company Transport, Inc. pursuant to 49 C.F.R. § 390.5.

## JURSIDICITION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and M-Company and Alvarez and Plaintiff's claims for damages exceed $75,000.00.

8.      This Court has personal jurisdiction over M-Company and Alvarez because they have sufficient minimum contacts with and have purposefully availed themselves to the State of Oklahoma and the Western District of Oklahoma.

9.      Venue is proper in this Court because some or all the events giving rise to this action occurred in Logan County, Oklahoma, which is located within the Western District of Oklahoma.

## FACTUAL ALLEGATIONS

10.     On or around April 26, 2021, a tractor-trailer owned and operated by M-Company driven by Armando Espinoza, Jr. ("Espinoza"), an employee of M-Company, experienced mechanical problems and became inoperable on Interstate 35 south of Guthrie, Oklahoma near Charter Oak Road.

11.     At all times pertinent to this action, Espinoza was acting within the course and scope of his employment, agency, and/or authority for M-Company. Espinoza was an "employee" of M-Company pursuant to 49 C.F.R. § 390.5. Therefore, M-Company is responsible for the actions and conduct of Espinoza under the doctrine of *respondeat superior*.

12.     Espinoza parked his tractor-trailer on the west shoulder of the Interstate 35 southbound lanes and upon information and belief notified personnel at M-Company's headquarters in Texas of his mechanical failure.

13.     Upon information and belief and after learning of the mechanical failure, M-Company dispatched one of its mechanics instead of one of its commercial drivers, Michael Navarro Alvarez ("Alvarez"), to tow an operational tractor to Guthrie from Atascosa, Texas.

14.     At all times pertinent to this action, Alvarez was acting within the course and scope of his employment, agency, and/or authority for M-Company. Alvarez was an "employee" of M-Company pursuant to 49 C.F.R. § 390.5. Therefore, M-Company is responsible for the actions and conduct of Alvarez under the doctrine of *respondeat superior*.

15.     Upon information and belief, M-Company instructed Alvarez to drop off the operational tractor he was towing and tow the disabled tractor back to the company headquarters in Texas.

16.     Upon information and belief, M-Company instructed Espinoza to assist in the transfer of the tractors and complete his scheduled delivery before returning to M-Company's headquarters in Texas.

17.     Alvarez arrived at the scene of the inoperable tractor near Guthrie on April 27, 2021, and Alvarez and Espinoza initiated the transfer of the tractors as instructed by M-Company.

18.     Upon information and belief, Alvarez positioned the tractor he was operating facing North on the west shoulder of southbound Interstate 35. Alvarez, with the assistance of Espinoza, connected the disabled tractor for towing.

19.     Upon information and belief and after the connecting the disabled tractor for towing, Alvarez attempted a U-turn across both lanes of southbound traffic on Interstate 35.

20.     Alvarez was not able to complete the U-turn across Interstate 35 without jackknifing the tractors. Alvarez stopped in the middle of Interstate 35 and backed up the tractors returning to the west shoulder of Interstate 35.

21.     Despite knowing he could not make the turn across the interstate, Alvarez made a second attempt at a U-turn across Interstate 35 and once again stopped in the middle of Interstate 35 blocking both lanes of southbound traffic.

22.     Upon information and belief, during the transfer process, neither Alvarez nor Espinoza placed any signage, flares, or other conspicuous items to alert or warn drivers traveling southbound on Interstate 35 of the disabled tractor trailer.

23.     While Alvarez was blocking both southbound lanes of Interstate 35 for the second time and on his second attempted U-turn, Joshua Michael Hall ("Hall") was operating a Chevrolet Silverado pickup southbound on Interstate 35.

24.     Lingle was the front seat passenger in the vehicle operated by Hall.

25.     Hall was not able to avoid the tractors blocking the southbound lanes of Interstate 35 and collided into the fuel tank of the tractor being towed by Alvarez.

26.     The Chevrolet Silverado operated by Hall also struck Espinoza who was standing on Interstate 35 and pinned him between the Chevrolet Silverado and the tractor in tow causing his dismemberment and death.

27.     The force of the collision crushed the front of the Chevrolet Silverado and pinned Lingle and Hall inside the vehicle.

28.     Shortly after the collision, fuel tanks on the tractor in tow began to leak diesel fuel and a spark ignited the fuel causing a fire.

29.     Lingle was not fatally injured by the initial crash and remained completely conscious as the flames from the ruptured fuel tank slowly began to engulf the Chevrolet Silverado.

30.     Hall and Lingle were burned alive while trapped in the Chevrolet Silverado and the resulting inferno.

31.     At the time of the collision, the tractors involved in the fatal collision were under the exclusive control of M-Company.

32.     At the time of the collision, Alvarez and Espinoza were engaged in the work which had been assigned to them by M-Company or were doing that which is usual and necessary to accomplish the work assigned to them by M-Company.

33.     The conduct of Alvarez and Espinoza causing the collision that killed Lingle is the kind of event which ordinarily does not occur in the absence of negligence on the part of Alvarez and Espinoza.

### COUNT ONE: WRONGFUL DEATH & NEGLIGENCE AGAINST DEFENDANTS M-COMPANY TRANSPORT, INC. AND MICHAEL ALVAREZ

34.     Plaintiff incorporates by reference paragraphs 1-33 as though set forth in full herein.

35.     Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, owed Lingle a duty to operate their vehicles in a reasonable and prudent manner and to prevent injury to other persons on the roadway.

36.     Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, owed Lingle a duty to exercise ordinary care in keeping a proper lookout consistent with the safety of other vehicles and persons.

37.     Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, breached their duties to operate their vehicles in a reasonable and prudent manner to prevent Lingle's injury and further breached their duties to exercise ordinary care in keeping a proper lookout.

38.     Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, violated provisions of Oklahoma's Rules of the Road, Okla. Stat. tit. 47 § 11-101 *et seq.* and the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.1 *et seq.* which are designed to protect members of the traveling public, including Lingle, from unnecessary injury and death.

39.    As a direct and proximate result of the negligent actions of Alvarez and Espinoza, Lingle was burned alive and died in the flaming Chevrolet Silverado on April 27, 2021.

40.    Wherefore, Plaintiff Shannon Lingle, as the Surviving Spouse of Jason Lingle, deceased, prays for judgment against Defendant M-Company Transport, Inc. and Michael Alvarez for the wrongful death of Jason Lingle as follows and in an amount in excess of $75,000:

    A.    For Jason Lingle's medical expenses;

    B.    For Jason Lingle's burial expenses;

    C.    For the loss of consortium of Jason Lingle's surviving spouse, Shannon Lingle;

    D.    For the grief of Jason Lingle's surviving spouse, Shannon Lingle;

    E.    For the loss of the society, services, companionship and marriage relationship to Shannon Lingle;

    F.    For Jason Lingle's mental pain and anguish;

    G.    For Jason Lingle's physical pain and anguish;

    H.    For the pecuniary loss and loss of financial support to Jason Lingle's surviving spouse, Shannon Lingle;

    I.    For the pecuniary loss and loss of financial support to Jason Lingle's children, Hayden Lingle and Brittany Lingle;

J.      For the grief of Jason Lingle's parents, Tommy Lingle and Helene Knapple;

K.      For the loss of companionship of Jason Lingle by his parents, Tommy Lingle and Helene Knapple;

L.      For the grief of Jason Lingle's children, Hayden Lingle and Brittany Lingle;

M.      For the loss of companionship of Jason Lingle by his children, Hayden Lingle and Brittany Lingle;

N.      For punitive and exemplary damages;

O.      For interest thereon as provided by law, both pre-judgment and post-judgment;

P.      For costs; and

Q.      For such other and further relief as the Court deems just, equitable, and proper.

## COUNT TWO: WRONGFUL DEATH & NEGLIGENCE PER SE AGAINST DEFENDANT M-COMPANY TRANSPORT, INC. AND MICHAEL ALVAREZ

41.    Plaintiff incorporates by reference paragraphs 1-39 as though set forth in full herein.

42.     In addition to the common law duty to exercise ordinary care, Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, owed Lingle duties imposed by:

A. 47 O.S. § 11-101, *et seq.* (Oklahoma's "Rules of the Road"); and

B. The Parts, Rules, and Regulations of the Federal Motor Carrier Safety Administration located in 49 C.F.R. § 300, *et seq.* ("Transportation"), which have also been adopted by the State of Oklahoma via §§ 165:30-3-34 and 595:35-1-4 of the Oklahoma Administrative Code.

43.     Alvarez and Espinoza, as employees acting with the course and scope of their employment, agency, and/or authority for M-Company, breached numerous statutory and regulatory duties owed to Lingle, including but not limited to:

A. Failing to obey all traffic control devices pursuant to 47 O.S. § 11-201;

B. Failing to drive as nearly as practicable entirely within a single lane pursuant to 47 O.S. § 11-309 and 49 C.F.R. § 392.2;

C. Turning and proceeding in the opposite direction in the southbound Interstate 35 lanes without reasonable safety and by interfering with other traffic pursuant to 47 O.S. § 11-602(A);

D. Operating the tractors in a reckless, careless, and wanton manner without regard for the safety of persons or property pursuant to 47 O.S. § 11-901 and 49 C.F.R. §§ 392.2 – 392.3;

E.  Failing to devote full time and attention to driving pursuant to 47 O.S. § 11-901b and 49 C.F.R. § 392.2;

F.  Failing to exercise extreme caution in hazardous conditions pursuant to 49 C.F.R. § 392.14; and

G.  Failing to place adequate warning devices pursuant to 49 C.F.R. §§ 392.22(b) and 392.25.

44.  Further statutory and regulatory deficiencies may be identified as discovery progresses.

45.  Lingle was a member of the class of persons intended to be protected by the aforementioned statutory and regulatory standards.

46.  As a direct and proximate result of the breaches of these statutory and regulatory standards, Lingle was burned alive and died in the flaming Chevrolet Silverado on April 27, 2021.

47.  Wherefore, Plaintiff Shannon Lingle, as the Surviving Spouse of Jason Lingle, deceased, prays for judgment against Defendant M-Company Transport, Inc. and Michael Alvarez for the wrongful death of Jason Lingle as follows and in an amount in excess of $75,000:

A.  For Jason Lingle's medical expenses;

B.  For Jason Lingle's burial expenses;

C.     For the loss of consortium of Jason Lingle's surviving spouse, Shannon Lingle;

D.     For the grief of Jason Lingle's surviving spouse, Shannon Lingle;

E.     For the loss of the society, services, companionship and marriage relationship to Shannon Lingle;

F.     For Jason Lingle's mental pain and anguish;

G.     For Jason Lingle's physical pain and anguish;

H.     For the pecuniary loss and loss of financial support to Jason Lingle's surviving spouse, Shannon Lingle;

I.     For the pecuniary loss and loss of financial support to Jason Lingle's children, Hayden Lingle and Brittany Lingle;

J.     For the grief of Jason Lingle's parents, Tommy Lingle and Helene Knapple;

K.     For the loss of companionship of Jason Lingle by his parents, Tommy Lingle and Helene Knapple;

L.     For the grief of Jason Lingle's children, Hayden Lingle and Brittany Lingle;

M.     For the loss of companionship of Jason Lingle by his children, Hayden Lingle and Brittany Lingle;

N.     For punitive and exemplary damages;

O.   For interest thereon as provided by law, both pre-judgment and post-judgment;

P.   For costs; and

Q.   For such other and further relief as the Court deems just, equitable, and proper.

## COUNT THREE: NEGLIGENT SUPERVISION, RETENTION & TRAINING AGAINST DEFENDANT M-COMPANY TRANSPORT, INC.

48.   Plaintiff incorporates by reference paragraphs 1-46 as though set forth in full herein.

49.   M-Company is regularly engaged in commercial enterprise that involves the operation and selection of motor carriers and/or drivers to transport goods in interstate commerce as in integral part of its business.

50.   M-Company has a duty to properly select safe, competent and conscientious motor carriers and drivers to deliver goods and to verify that the companies and motor carriers they chose to transport those goods utilized safe drivers and equipment that was properly maintained.

51.   M-company has a duty to supervise and train its employees, such as Alvarez and Espinoza, to safely operate its motor vehicles.

52.   On information and belief, M-Company failed to provide any or provided inadequate training to Alvarez and Espinoza to safely operate its motor vehicles.

53.     On information and belief, M-Company knew or reasonably should have known that Alvarez and Espinoza would create an undue risk of harm to others due to their inexperience, lack of training, and known previous reckless and dangerous propensities in the operation of M-Company vehicles.

54.     M-Company breached its duty to supervise, retain and train its employees, including both Alvarez and Espinoza.

55.     As a direct and proximate result of M-Company's failure to supervise, retain and train Alvarez and Espinoza, Alvarez and Espinoza were negligent in operating the tractors on April 27, 2021.

56.     As a direct and proximate result of the negligent supervision, retention and training and resulting negligence of Alvarez and Espinoza and their resultant negligence, Lingle was burned alive and died in the flaming Chevrolet Silverado on April 27, 2021.

57.     The acts and omissions of M-Company in failing to properly supervise, retain and train Alvarez and Espinoza constitute independent acts of negligence on the part of M-Company and "aiding or abetting" violations of 49 C.F.R. § 300, *et seq*. pursuant to 49 C.F.R. § 390.13.

58.     Wherefore, Plaintiff Shannon Lingle, as the Surviving Spouse of Jason Lingle, deceased, prays for judgment against Defendant M-Company Transport, Inc. for the wrongful death of Jason Lingle as follows and in an amount in excess of $75,000:

A.    For Jason Lingle's medical expenses;

B.    For Jason Lingle's burial expenses;

C.    For the loss of consortium of Jason Lingle's surviving spouse, Shannon Lingle;

D.    For the grief of Jason Lingle's surviving spouse, Shannon Lingle;

E.    For the loss of the society, services, companionship and marriage relationship to Shannon Lingle;

F.    For Jason Lingle's mental pain and anguish;

G.    For Jason Lingle's physical pain and anguish;

H.    For the pecuniary loss and loss of financial support to Jason Lingle's surviving spouse, Shannon Lingle;

I.    For the pecuniary loss and loss of financial support to Jason Lingle's children, Hayden Lingle and Brittany Lingle;

J.    For the grief of Jason Lingle's parents, Tommy Lingle and Helene Knapple;

K.    For the loss of companionship of Jason Lingle by his parents, Tommy Lingle and Helene Knapple;

L.    For the grief of Jason Lingle's children, Hayden Lingle and Brittany Lingle;

M.     For the loss of companionship of Jason Lingle by his children, Hayden
       Lingle and Brittany Lingle;

N.     For punitive and exemplary damages;

O.     For interest thereon as provided by law, both pre-judgment and post-
       judgment;

P.     For costs; and

Q.     For such other and further relief as the Court deems just, equitable, and
       proper.

## COUNT FOUR: NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT M-COMPANY TRANSPORT, INC.

59.    Plaintiff incorporates by reference paragraphs 1-57 as though set forth in full
herein.

60.    M-Company had a duty to supervise its employees that operate M-Company's
vehicles and equipment.

61.    M-Company maintained control over the vehicles and equipment involved in
the wreck giving rise to this lawsuit.

62.    M-Company assigned Alvarez and Espinoza to drive the M-Company
vehicles and equipment involved in the wreck giving rise to this lawsuit.

63.    On information and belief, M-Company knew of information that put it on
notice that Alvarez and Espinoza were not competent to safely operate M-

Company's vehicles on April 26 and 27, 2021, and that Alvarez's and Espinoza's operations of M-Company's vehicles would create an undue risk of harm to others.

64.     As a direct and proximate result of Alvarez's and Espinoza's incompetence, of which M-Company knew when it entrusted the vehicles to Alvarez and Espinoza, Lingle was burned alive and died in the flaming Chevrolet Silverado on April 27, 2021.

65.     As a direct and proximate result of M-Company's negligent entrustment of the vehicles to Alvarez and Espinoza, Lingle was burned alive and died in the flaming Chevrolet Silverado on April 27, 2021.

66.     The acts and omissions of M-Company in negligently entrusting the vehicles to Alvarez and Espinoza constitute independent acts of negligence on the part of M-Company and "aiding or abetting" violations of 49 C.F.R. § 300, *et seq*. pursuant to 49 C.F.R. § 390.13.

67.     Wherefore, Plaintiff Shannon Lingle, as the Surviving Spouse of Jason Lingle, deceased, prays for judgment against Defendant M-Company Transport, Inc. for the wrongful death of Jason Lingle as follows and in an amount in excess of $75,000:

    A.     For Jason Lingle's medical expenses;

    B.     For Jason Lingle's burial expenses;

    C.     For the loss of consortium of Jason Lingle's surviving spouse, Shannon Lingle;

D.   For the grief of Jason Lingle's surviving spouse, Shannon Lingle;

E.   For the loss of the society, services, companionship and marriage relationship to Shannon Lingle;

F.   For Jason Lingle's mental pain and anguish;

G.   For Jason Lingle's physical pain and anguish;

H.   For the pecuniary loss and loss of financial support to Jason Lingle's surviving spouse, Shannon Lingle;

I.   For the pecuniary loss and loss of financial support to Jason Lingle's children, Hayden Lingle and Brittany Lingle;

J.   For the grief of Jason Lingle's parents, Tommy Lingle and Helene Knapple;

K.   For the loss of companionship of Jason Lingle by his parents, Tommy Lingle and Helene Knapple;

L.   For the grief of Jason Lingle's children, Hayden Lingle and Brittany Lingle;

M.   For the loss of companionship of Jason Lingle by his children, Hayden Lingle and Brittany Lingle;

N.   For punitive and exemplary damages;

O.   For interest thereon as provided by law, both pre-judgment and post-judgment;

P.      For costs; and

Q.      For such other and further relief as the Court deems just, equitable, and

proper.

## PUNITIVE DAMAGES AGAINST M-COMPANY TRANSPORT, INC. AND MICHAEL ALVAREZ

68.     Plaintiff incorporates by reference paragraphs 1-67 as though set forth in full

herein.

69.     The conduct of Alvarez and Espinoza that occurred within the course of scope

of their employment, agency, and/or authority for M-Company was:

A. A serious hazard to the public pursuant to 23 O.S. § 9.1(A)(1);

B. Profitable to M-Company at the expense of Lingle pursuant to 23 O.S. § 9.1(A)(2);

C. For a significant duration pursuant to 23 O.S. § 9.1(A)(3);

D. Fully within their control and awareness pursuant to 23 O.S. § 9.1(A)(4)-(5);

E. In reckless disregard for the rights of others pursuant to 23 O.S. § 9.1(B)(1);

F. Intentional and with malice towards others pursuant to 23 O.S. § 9.1(C)(1); and

G. Life-threatening to humans pursuant to 23 O.S. § 9.1(D)(2).

70.     M-Company's negligent training, supervision, and retention of Alvarez and Espinoza was:

   A. A serious hazard to the public pursuant to 23 O.S. § 9.1(A)(1);

   B. Profitable to M-Company at the expense of Lingle pursuant to 23 O.S. § 9.1(A)(2);

   C. For a significant duration pursuant to 23 O.S. § 9.1(A)(3);

   D. Fully within its control and awareness pursuant to 23 O.S. § 9.1(A)(4)-(5);

   E. In reckless disregard for the rights of others pursuant to 23 O.S. § 9.1(B)(1);

   F. Intentional and with malice towards others pursuant to 23 O.S. § 9.1(C)(1); and

   G. Life-threatening to humans pursuant to 23 O.S. § 9.1(D)(2).

71.     M-Company's negligent entrustment of its vehicles to Alvarez and Espinoza involved in the events giving rise to this lawsuit was:

   A. A serious hazard to the public pursuant to 23 O.S. § 9.1(A)(1);

   B. Profitable to M-Company at the expense of Lingle pursuant to 23 O.S. § 9.1(A)(2);

   C. For a significant duration pursuant to 23 O.S. § 9.1(A)(3);

   D. Fully within its control and awareness pursuant to 23 O.S. § 9.1(A)(4)-(5);

E. In reckless disregard for the rights of others pursuant to 23 O.S. § 9.1(B)(1);

F. Intentional and with malice towards others pursuant to 23 O.S. § 9.1(C)(1); and

G. Life-threatening to humans pursuant to 23 O.S. § 9.1(D)(2).

72.    Defendants were either aware or did not care that, under the circumstances, there was a substantial and unnecessary risk that their conduct would cause serious injury or death to others, and there was a high probability that their conduct would cause serious harm and was life-threatening to others, such that a jury should give damages for the sake of example and by way of punishing Defendants.

73.    Despite the conduct of Alvarez and Espinoza that occurred within the course of scope of their employment, agency, and/or authority for M-Company giving rise to this lawsuit, M-Company has not changed its safety program or driver training.

74.    M-Company conducted no investigation of the wreck giving rise to this lawsuit and failed to implement any safety changes that would protect the general public in the future.

75.    Wherefore, Plaintiff Shannon Lingle, as the Surviving Spouse of Jason Lingle, deceased, prays that in addition to the actual damages requested herein, she be awarded judgment against M-Company Transport, Inc. and Michael Alvarez for punitive damages in an amount in excess of $15,000,000.00.

Respectfully submitted,


/s/ Woodrow K. Glass
Woodrow K. Glass, OBA#15690
Geoffrey A. Tabor, OBA#32880
**WARD & GLASS, L.L.P.**
1601 N.W. 36th Avenue
Norman, Oklahoma 73072
405-360-9700
405-360-7902 (fax)
woody@wardglasslaw.com
geoffrey@wardglasslaw.com
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**